Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike
Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Constance Haines,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
Constance Haines, on behalf of herself
and all others similarly situated,

       Plaintiffs,

   v.

ARS National Services, Inc.

       Defendant.
-------------------------------------------------------X

**CLASS ACTION**
**COMPLAINT**

   Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint

against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil

Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff, on her own behalf and on behalf of the classes she seeks to represent, brings this

  action to secure redress for the debt collection practices utilized by the Defendant, ARS

  National Services Inc. ("ARS" or "Defendant") in connection with their attempts to

  collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that ARS's collection practices violated the Fair Debt Collection Practices Act,

  15 U.S.C. §1692 *et seq*. ("FDCPA")

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v. Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993)

<b><u>JURISDICTION AND VENUE</u></b>

5. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

    a. The acts giving rise to this lawsuit occurred within this District; and

    b. Defendant does business within this District.

<b><u>PARTIES</u></b>

7. Plaintiff, Constance Haines is an individual natural person who at all relevant times resided in the City of Jersey City, County of Hudson, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, ARS, at all times relevant hereto, is and was a Corporation with offices located at 201 West Grand Ave, Escondido, CA 92025.

10. The principal purpose of ARS is the collection of debts using the mail and telephone.

11. ARS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. ARS is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## **FACTS**

13. Sometime prior to November 2015 the Plaintiff allegedly incurred a debt to Citibank N.A. related to a personal Best Buy Visa credit card (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal Best Buy Visa credit card.

15. The personal credit card debt is a "debt" as defined by 15 U.S.C. §1692a(5).

16. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments allegedly owed on the alleged Debt.

17. At a time known only to Defendant, Plaintiff's alleged Debt was placed with Defendant for collection.

18. On or about November 14, 2015 ARS mailed or caused to be mailed a letter to Plaintiff seeking to collect the Debt. (Annexed and attached hereto as Exhibit A is a redacted copy of the letter dated November 14, 2015 sent by ARS to the Plaintiff)

19. The Plaintiff received and reviewed the letter attached as Exhibit A.

20. Exhibit A seeks to collect the Debt.

21. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

22. Exhibit A states the balance of the Debt to be $993.72.

23. Exhibit A states in relevant part:

"Right now we are offering to settle your account for the reduced amount of $596.24. That's a savings of $397.48"

(see Exhibit A)

3

24. <u>Exhibit A</u> then states in relevant part:

   "Citibank, N.A./BESTBUY VISA will report forgiveness of debt as required by IRS regulations."

(see <u>Exhibit A</u>)

25. The Defendant's language in <u>Exhibit A</u> quoted in Paragraph 24 is false and misleading and therefore violates the FDCPA.

26. The Defendant's language in <u>Exhibit A</u> quoted in Paragraph 24 threatens to take an action that cannot legally be taken or is not intended to be taken and therefore violates the FDCPA.

27. The letter attached as <u>Exhibit A</u> gives erroneous and/or incomplete tax advice to consumers.

28. ARS's collection practice is a high volume practice.

29. ARS's debt collection practice is largely automated and utilizes standardized form letters.

30. Documents in the form represented by <u>Exhibit A</u> are regularly sent by ARS to collect debts from consumers.

31. <u>Exhibit A</u> is a standardized form letter.

32. ARS mailed or caused to be mailed letters in the form of <u>Exhibit A</u> over the course of the past year to hundreds of New Jersey consumers from whom ARS attempted to collect a consumer debt.

## **CLAIMS FOR RELIEF**

## **COUNT I**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
## **(15 U.S.C. §1692e)**

33. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

34. The conduct of the Defendant in this case violates 15 U.S.C. §§1692, 1692e(2)(A), 1692e(5) and 1692e(10).

35. The FDCPA at Section 1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of --**

**(A) the character, amount, or legal status of any debt; or**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer**

36. Debt collectors may not make false statements in their attempts to collect debts.

37. A debt collector's statement is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate, and it is misleading if it states that a certain action is possible even though the debt collector has reason to know that there are facts that make the action unlikely in a particular case. Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006).

38. The question of whether a collection letter is false, deceptive, and/or misleading is determined from the perspective of the "least sophisticated consumer." Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006).

39. 26 U.S.C. § 6050P requires any applicable entity discharging (in whole or part) any person's debt during any calendar year to make a return setting forth certain information about the individual and the discharge, **unless the discharge is for less than $600.00**. 26

U.S.C. §6050P(a)-(b). The associated regulation explains in part that there are exceptions
to this requirement to file a Form 1099-C, such as the discharge of an amount of
indebtedness that consists of interest and non-principal amounts in certain lending
transactions, including lines of credit. 26 C.F.R. § 1.6050P-1(a), (d)(2)-(3).

40. Defendant's letter attached as <u>Exhibit A</u> offers a settlement of $397.48 off of the total
balance of the Debt.

41. Defendant's letter attached as <u>Exhibit A</u> then states "Citibank, N.A./BESTBUY VISA
will report forgiveness of debt as required by IRS regulations."

42. The language "Citibank, N.A./BESTBUY VISA will report forgiveness of debt as
required by IRS regulations" is false, deceptive and/or misleading and violates the
FDPCA because it could reasonably be understood by the least sophisticated consumer to
mean that IRS regulations require that Citibank, N.A./BESTBUY VISA report all
forgiveness of debt and the $397.48 forgiveness of debt offered to the Plaintiff in the
letter attached as <u>Exhibit A</u> would be reported to the IRS.

43. The statement "Citibank, N.A./BESTBUY VISA will report forgiveness of debt as
required by IRS regulations" is false and in violation of 15 U.S.C. §1692e because in
actual fact and according to the IRS regulations noted above, Citibank, N.A./BESTBUY
VISA **would not** report the $397.48 forgiveness of debt offered in <u>Exhibit A</u> to the IRS.
The amount of debt forgiveness offered by the Defendant did not exceed the $600
threshold required for the Debt to be reported to the IRS according to IRS regulations.

44. According to IRS regulations noted above in Paragraph 39 of the complaint, an entity
may be required to file a form 1099C with the IRS for forgiveness of debt only for debt
forgiveness consisting of $600.00 or more in principal debt forgiveness. The settlement

agreement offered to Plaintiff in <u>Exhibit A</u> results in debt forgiveness of only $397.48.

Therefore, ARS's statement that "Citibank, N.A./BESTBUY VISA will report

forgiveness of debt as required by IRS regulations" is false and a violation of the

FDCPA. *See* <u>Kaff v. Nationwide Credit, Inc</u>., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31,

2015) (Towns, J.); <u>Good v. Nationwide Credit, Inc</u>., 55 F. Supp 3d 742 (E.D. Pa. Oct, 24,

2014); <u>Balon v. Enhanced Recovery Company, Inc.</u>, 2016 WL 3156064 (M.D. Pa, June

2, 2016); <u>Velez v. Enhanced Recovery Company, LLC</u> 2016 WL 1730721 (E.D. Pa. May

2, 2016).

45. In this matter Citibank, N.A./BESTBUY VISA would never report forgiveness of debt of

$397.48 to the IRS as required by IRS regulations.

46. The letter attached as <u>Exhibit A</u> is misleading and in violation of 15 U.S.C. §1692e

because it states that a certain action will occur even though the Defendant had reason to

know that there are facts that make the action impossible in this particular case. *See*

<u>Brown v. Card Serv. Ctr</u>., 464 F.3d 450, 455 (3d Cir. 2006).

47. By stating in <u>Exhibit A</u> that a certain action will occur even though the Defendant had

reason to know that there are facts that make the action impossible in this particular case

ARS's letter also violated by 15 U.S.C. §1692e(5) by threatening to take an action that

cannot legally be taken or that is not intended to be taken.

48. By stating in <u>Exhibit A</u> that the forgiveness of debt was required to be reported to the IRS

the Defendant's letter attached as <u>Exhibit A</u> contains a false representation of the legal

status of the debt in violation of 15 U.S.C. §1692e(2)(A).

49. Settlement of Plaintiff's alleged Debt pursuant to the settlement offer stated in Exhibit A and Citibank, N.A./BESTBUY VISA's cancellation thereof, could not possibly have been reportable under the relevant exceptions to the IRS reporting regulations.

50. The least sophisticated consumer would likely be deceived into believing that there would be a tax consequence if she accepted Defendant's offer contained in Exhibit A, such a belief would be false.

51. The false and misleading statement "Citibank, N.A./BESTBUY VISA will report forgiveness of debt as required by IRS regulations" is material because it has the potential to affect the decision-making process of the least sophisticated debtor. The above statement could easily mislead the consumer into believing that she had to pay all of her debt to avoid any issues with the IRS, when in reality she could have taken the settlement offer stated in the letter attached as Exhibit A without triggering a mandatory reporting of the debt forgiveness to the IRS.

52. In this matter the Plaintiff owed $993.72. ARS's collection letter misled her into believing she had to pay the entire $993.72 to avoid any issues with the IRS.

53. The collection letter led her to believe that if any amount of the Debt was forgiven, no matter how small, that amount that was forgiven would be reported to the IRS.

54. Unsophisticated consumers who wanted to avoid any issues with the IRS and who accepted ARS's representation that "Citibank, N.A./BESTBUY VISA will report forgiveness of debt as required by IRS regulations" at face value would believe that they could not settle their debt for anything less than the full value of what they allegedly owed without triggering mandatory reporting requirements of the forgiven amount to the IRS.

55. Such a statement in a collection letter suggests to the least sophisticated consumer that paying anything less than the full amount owed will result in the forgiveness of debt being reported to the IRS and that the consumer could therefore get into trouble with the IRS.

56. There is a risk that the statement improperly increases collections by falsely representing the law in violation of 15 U.S.C. 1692e and e(10). *See* <u>Balon v. Enhanced Recovery Company, Inc.</u>, 2016 WL 3156064 (M.D. Pa, June 2, 2016); <u>Velez v. Enhanced Recovery Company, LLC</u> 2016 WL 1730721 (E.D. Pa. May 2, 2016) both of which have found that statements less misleading and false then the one contained in <u>Exhibit A</u> to this complaint to be material under the Jensen standard set forth by the Third Circuit.

57. ARS is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## <u>CLASS ALLEGATIONS</u>

58. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

59. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

60. The Class consists of (a) all individuals (b) with a New Jersey address (c) who were sent a letter from ARS in a form materially identical or substantially similar to letter attached as <u>Exhibit A</u> to the Complaint (d) which was not returned as undeliverable (e) on or after

a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

61. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

62. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges that the Plaintiff class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

    ii. **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the

Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the class she seeks to represent. The claims of the Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v.  **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

63. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of each of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

64. A class action is superior for the fair and efficient adjudication of this matter, in that:

a.  Individual actions are not economically feasible;

b.  Members of the classes are likely to be unaware of their rights;

c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1.  An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

2. Adjudging that ARS violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

3. An award of statutory damages for Constance Haines and the Plaintiff Class pursuant to 15 U.S.C. §1692k;

4. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
August 26, 2016

/s/ Ryan Gentile
By:_____
Ryan Gentile, Esq.
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
Fax: (212) 675-4367
rlg@lawgmf.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile
By:_____
Ryan Gentile